UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMEEL LOCKHART,

   Plaintiff,

Civil Action No. 23-cv-12180
HON. BERNARD A. FRIEDMAN

vs.

OFFICER ABDUL SHABAZZ, et al.,

   Defendants.
            /

## ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

This matter is presently before the Court on its own review of the complaint. To borrow a phrase, the complaint is a "hideous sprawling mess." *In re Ocwen Loan Servicing*, 491 F.3d 638, 641 (7th Cir. 2007). Insofar as the Court can discern from the nearly incomprehensible allegations in the complaint, plaintiff Jameel Lockhart is challenging the state district court's jurisdiction to issue him traffic citations. (ECF No. 1, PageID.2).

Lockhart claims to be a "sovereign citizen" who "demands complete control of the state court's corporate charter and to have all records of the alleged traffic infraction/arrest removed from the record including any jail time." (*Id.*). He also asserts that "the traffic court judge is not a real judge with legal judicial authority

and is participating in the misconduct of making a legal determination as an administrative judge without jurisdiction."[1] (*Id.*).

By now it is well-settled that "there is nothing in the clauses of the Fourteenth Amendment guaranteeing due process and equal protection which converts an issue respecting the jurisdiction of a state court under the constitution and statutes of the State into anything other than a question of state law." *Gasquet v. Lapeyre*, 242 U.S. 367, 369 (1917). The "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).

Insofar as Lockhart challenges an ongoing state court proceeding stemming from the issuance of the traffic citations, his complaint also fails because federal courts generally may not interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971). And his reliance on the Tucker Act is misplaced because that statute only "waives sovereign immunity in lawsuits seeking damages from the United States" as opposed to state or municipal officials. *Krafsur v. Davenport*, 736 F.3d 1032, 1036 (6th Cir. 2013); *see also* 28 U.S.C. § 1346(a)(2).

---

[1] Lockhart advanced identical arguments in a previous case, *City of Detroit v. Lockhart*, Case No. 23-11380. The Court dismissed that action for lack of subject matter jurisdiction. (ECF No. 13). Lockhart's current complaint falters on the same ground.

In view of the foregoing, the Court lacks subject matter jurisdiction and shall dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Court is without jurisdiction when, as here, "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974). Accordingly,

IT IS ORDERED that the complaint (ECF No. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* (ECF No. 2) is denied as moot.

Dated: October 18, 2023  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 18, 2023.

**Jameel Lockhart**  
7430 2nd Avenue  
Detroit, MI 48202

s/Johnetta M. Curry-Williams  
Case Manager

3